1  John M. Kim (Bar No. 188997)
   jkim@ipla.com
2  Benjamin S. White (Bar No. 279796)
   bwhite@ipla.com
3  Irene B. Choe (Bar No. 312970)
   ichoe@ipla.com
4
5  IPLA, LLP
   4445 Eastgate Mall, Suite 200
6  San Diego, CA 92121
   Tel: 858-272-0220
7  Fax: 858-272-0221

8  Attorneys for Plaintiff
   Signal Technology Foundation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGNAL TECHNOLOGY FOUNDATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADT LLC, a Delaware limited liability company,<br><br>Defendant. | **CASE NO:**<br><br>**COMPLAINT FOR:**<br><br>(1) **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);**<br><br>(2) **FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);**<br><br>(3) **FEDERAL DILUTION UNDER 15 U.S.C. § 1125(c);**<br><br>(4) **VIOLATION OF CAL. BUS. & PROF. CODE § 17200;**<br><br>(5) **STATE COMMON LAW TRADEMARK INFRINGEMENT; AND**<br><br>(6) **STATE COMMON LAW PASSING OFF AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Signal Technology Foundation ("**STF**") brings this complaint against Defendant ADT LLC ("**ADT**") for damages and injunctive relief arising out of federal and state law.

1
**COMPLAINT**

## NATURE OF THE ACTION

1. This is an action for violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c), unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*, California common law trademark infringement, and California common law passing off and unfair competition.

## THE PARTIES

2. STF is a 501(c)(3) non-profit corporation organized and existing under the laws of Delaware with a principal place of business at 650 Castro Street, Suite 120-223, Mountain View, California 94041. STF offers open-source privacy technology and secure global communication products and services, including the SIGNAL mobile application and services.

3. On information and belief, ADT is a Delaware limited liability company with a principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431. ADT offers smart home security products and services, including the SIGNAL CHAT security notification and communication system.

## JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 in that this action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, specifically, 15 U.S.C. §§ 1114 and 1125, as well as state unfair competition law and common law trademark infringement, passing off, and unfair competition. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C.

§§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the trademark laws of the United States and so related that they form part of the same case or controversy.

5. This Court has personal jurisdiction over ADT because, on information and belief, ADT has purposefully directed its conduct towards this judicial district and purposefully availed itself of the benefits and protections of California law by doing business in this state, including but not limited to actively advertising, marketing, distributing, and selling goods in the State of California, and in this judicial district, that bear the infringing trademark at issue in this case. Further, on information and belief, ADT also actively advertises, markets, distributes, and/or sells goods through their website targeting consumers in this judicial district through the Internet.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and ADT is otherwise subject to the court's personal jurisdiction with respect to this action.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Civil L.R. 3-2(c), this proceeding falls within the category of Intellectual Property Rights and is therefore excluded from this division-specific venue rule and will be assigned on a district-wide basis.

//

# FACTUAL ALLEGATIONS

### STF's Trademark Rights

8. STF offers open-source privacy technology and secure global communication products and services, including the SIGNAL mobile and desktop applications for private and encrypted communication and related goods and services (the "**Signal Goods and Services**").

9. STF has widely advertised and promoted the goods and services under its SIGNAL mark to millions of consumers who use STF's mobile software application and services.

10. Users of STF's SIGNAL mobile application send an average of 450 million messages per day, totaling over 400 billion messages since the inception of the SIGNAL application. Each time a SIGNAL user opens the SIGNAL application to read or send a message, the user sees the SIGNAL mark.

11. STF has been using the SIGNAL mark in connection with the Signal Goods and Services in all fifty states since at least as early as May 20, 2014. STF owns countrywide, common law trademark rights in the SIGNAL mark based on this use.

//

//

12. The success and popularity of the goods and services offered under the SIGNAL mark have resulted in significant and valuable unsolicited media coverage. As of 2021, STF's SIGNAL software application has recorded millions of downloads worldwide and more than 15 million downloads in the United States. As a result, the SIGNAL mark has become famous in the United States and worldwide.

13. STF has built a reputation as the gold standard for private and secure communication. STF's proprietary encryption protocol allows users to communicate via end-to-end encrypted voice calls, video calls, and instant messaging conversations. Its encryption protocol is widely used by other companies, including WhatsApp and Skype. Therefore, ADT's use of SIGNAL CHAT for a text-based communication application and software product benefits them unfairly and damages STF's reputation among its users and the consuming public who are likely to believe that ADT and STF are affiliated, when they are not.

14. In addition to its common law rights in SIGNAL, STF owns the following registration for SIGNAL in the Principal Register (the "**Signal Registration**"):

| **Mark Information** | **Goods** |
|---|---|
| SIGNAL<br><br>Filing Date: May 16, 2016<br>Reg. Date: June 27, 2017<br>Reg. No.: 5230850 | Class 09: Computer software for encryption; Computer software for the encryption and decryption of communication tools |

<u>ADT's Business and Infringing Acts</u>

15. After STF began using its SIGNAL mark, ADT commenced use of its SIGNAL CHAT mark in connection with a text-based communication application and software product that notifies users of an intrusion in protected locations. Among its various communications functions, ADT's SIGNAL CHAT product also allows users and their contacts to confirm or cancel a burglar alarm via text messages (the "**Infringing Goods**").

16. ADT is currently using the SIGNAL CHAT mark in connection with the Infringing Goods, including on its domain [www.adt.com](www.adt.com), advertising materials sent to consumers via email, among other places.

17. On information and belief, ADT does not own any applications or registrations for or comprising SIGNAL in the United States.

18. On March 2, 2021, STF sent a letter to ADT regarding their use of the SIGNAL CHAT mark and requested that they rebrand and cease use of their mark pursuant to federal and state trademark law and unfair competition law.

19. On information and belief, ADT modified some instances of its use from SIGNAL CHAT to ADT SIGNAL CHAT in an apparent effort to distinguish their infringing mark from STF's SIGNAL mark, but otherwise did not respond to STF's March 2, 2021 letter.

//

//

20. On September 7, 2021, STF sent a second letter to ADT regarding their continued use of SIGNAL CHAT for the Infringing Goods and reiterated its request that ADT cease use of their SIGNAL CHAT mark or any confusingly similar variations thereof. ADT did not respond to either of STF's letters.

21. ADT's use of SIGNAL CHAT in connection with the Infringing Goods is a willful and intentional attempt to trade on the goodwill and commercial success that STF has built up in SIGNAL and to free ride on STF's success.

22. ADT's identical or nearly identical use of SIGNAL CHAT and ADT SIGNAL CHAT in connection with the Infringing Goods is likely to cause, and has indeed caused, confusion to the relevant public of the origin, affiliation, or sponsorship of the respective products and services.

23. By causing a likelihood of confusion, mistake, and deception, ADT is inflicting irreparable harm on the goodwill symbolized by STF's SIGNAL mark and the reputation for quality that it embodies.

24. On information and belief, ADT was aware or should have been aware of STF's use and registration of SIGNAL, but nevertheless willfully and intentionally adopted and used the SIGNAL CHAT and ADT SIGNAL CHAT marks for the Infringing Goods.

25. ADT's contacts within this judicial district are numerous and substantial. For example, on information and belief, ADT's officers, sales representatives, and/or agents routinely conduct business within this judicial district,

including but not limited to the marketing, advertising, promotion, distribution, and sales of the Infringing Goods bearing ADT's SIGNAL CHAT mark.

26. On information and belief, ADT advertises, distributes, sells to, and operates websites targeting consumers throughout the United States, including in this judicial district.

### FIRST CAUSE OF ACTION
**(Federal Trademark Infringement – 15 U.S.C. § 1114(1))**

27. STF repeats, realleges, and incorporates all paragraphs above as though fully set forth in this cause of action.

28. STF owns the Signal Registration in the United States and has continuously used its SIGNAL mark in connection with the Signal Goods and Services since as early as May 20, 2014 which predates ADT's use of its SIGNAL CHAT mark.

29. As a result of STF's substantial marketing and promotional efforts and the tremendous success of the Signal Goods and Services, consumers in the secure communications field immediately associate the SIGNAL mark with STF.

30. ADT's SIGNAL CHAT and ADT SIGNAL CHAT marks are identical or substantially similar to STF's SIGNAL mark. Further, the Infringing Goods are substantially similar to the Signal Goods and Services.

31. ADT's use of SIGNAL CHAT in connection with the Infringing Goods is likely to cause, and has indeed caused, confusion to consumers who are likely to

believe erroneously that ADT's Infringing Goods originate from the same source as the Signal Goods and Services, or are endorsed, authorized, sponsored, or approved by STF or are otherwise affiliated, connected, or associated with STF, when in fact they are not.

32. On information and belief, ADT has knowingly, willfully, and intentionally infringed STF's trademark rights by deliberately exploiting the substantial goodwill associated with STF's SIGNAL mark. ADT adopted the identical or nearly identical SIGNAL CHAT mark and, on information and belief, subsequently adopted the substantially similar ADT SIGNAL CHAT mark for the Infringing Goods in direct contravention of STF's rights.

33. On information and belief, ADT selected its SIGNAL CHAT mark with the willful intent to cause consumer confusion and to deceive consumers into believing that ADT's Infringing Goods are derived from the same source as or are associated with the Signal Goods and Services.

34. STF has no adequate remedy at law to compensate it for the injuries suffered and threatened.

35. ADT's conduct as alleged herein has caused and will continue to cause irreparable harm to STF's rights in SIGNAL and its Signal Registration, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

//

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

36. STF repeats, realleges, and incorporates all paragraphs above as though fully set forth in this cause of action.

37. STF is the rightful owner of the Signal Registration. The Signal Registration is in full force and effect, and the SIGNAL mark has been used exclusively and continuously by STF since at least as early as May 20, 2014 and has not been abandoned.

38. As a result of STF's substantial marketing and promotional efforts and the tremendous success of the Signal Goods and Services, consumers in the secure communications field immediately associate the SIGNAL mark with STF.

39. After STF adopted the SIGNAL mark, ADT intentionally used and continues to use the SIGNAL CHAT and ADT SIGNAL CHAT marks in connection with the promotion, distribution, marketing, advertising, and/or sale of the Infringing Goods.

40. ADT's use of the SIGNAL CHAT and ADT SIGNAL CHAT marks is without permission, authorization, or consent from STF.

41. ADT's SIGNAL CHAT and ADT SIGNAL CHAT marks are identical or substantially similar to STF's SIGNAL mark. Further, the Infringing Goods are substantially similar to the Signal Goods and Services.

42. ADT's use of SIGNAL CHAT in connection with the Infringing Goods is likely to cause, and has indeed caused, confusion to consumers who are likely to believe erroneously that ADT's Infringing Goods originate from the same source as the Signal Goods and Services, or are endorsed, authorized, sponsored, or approved by STF or are otherwise affiliated, connected, or associated with STF, when in fact they are not.

43. On information and belief, ADT selected its SIGNAL CHAT mark with the willful intent to cause consumer confusion and to deceive consumers into believing that ADT's Infringing Goods are derived from the same source as or associated with the Signal Goods and Services.

44. ADT's activities have been intentional, willful, deliberate, and in bad faith, and have continued in spite of ADT's knowledge that their use of the SIGNAL CHAT and ADT SIGNAL CHAT marks directly contravenes STF's rights.

45. On information and belief, ADT has knowingly, willfully, and intentionally infringed STF's trademark rights by deliberately exploiting the substantial goodwill associated with STF's SIGNAL mark. ADT adopted the identical or nearly identical SIGNAL CHAT mark for substantially related Infringing Goods in direct contravention of STF's rights when they could easily have selected from many other marks.

46. In so doing, ADT has used in interstate commerce, on or in connection with the Infringing Goods, a false designation of origin, a false and misleading

description of fact, or a false and misleading representation of fact, including words, terms, names, devices, and symbols or a combination thereof, which is likely to cause confusion, mistake, or to deceive as to the origin, sponsorship, or approval of the Infringing Goods by STF or which misrepresents the nature, characteristics, qualities, or geographic origins of the Infringing Goods.

47. STF has no adequate remedy at law to compensate it for the injuries suffered and threatened.

48. ADT's conduct as alleged herein has caused and will continue to cause irreparable harm to STF's rights in SIGNAL and its Signal Registration, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

**THIRD CAUSE OF ACTION**
**(Federal Dilution – 15 U.S.C. §1125(c))**

49. STF repeats, realleges, and incorporates all paragraphs above as though fully set forth in this cause of action.

50. The Signal Goods and Services offered under its SIGNAL mark have been used by millions of people and have been the subject of significant third-party media coverage, extensive sales, advertising, and promotion. Users of STF's SIGNAL mobile application send an average of 450 million messages per day, totaling over 400 billion messages since the inception of the SIGNAL application.

Each time a SIGNAL user opens the SIGNAL application to read or send a message, the user sees the SIGNAL mark.

51. As of 2021, STF's SIGNAL software application has recorded millions of downloads worldwide and more than 15 million downloads in the United States. The SIGNAL mark has become famous in the United States.

52. After STF's SIGNAL mark became famous, ADT intentionally used and continues to use the SIGNAL CHAT and ADT SIGNAL CHAT marks in connection with the promotion, distribution, marketing, advertising, and/or sale of the Infringing Goods.

53. As a result, ADT's use of its SIGNAL CHAT and ADT SIGNAL CHAT marks will likely cause dilution of the distinctive quality of the SIGNAL mark with consequent damage to STF and the public.

54. STF has no adequate remedy at law to compensate it for the injuries suffered and threatened.

55. ADT's conduct as alleged herein has caused and will continue to cause irreparable harm to STF's rights in SIGNAL and its Signal Registration, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

//

//

//

**FOURTH CAUSE OF ACTION**
**(California Statutory Unfair Competition –**
**Cal. Bus. & Prof. Code § 17200 *et seq*.)**

56. STF repeats, realleges, and incorporates all paragraphs above as though fully set forth in this cause of action.

57. ADT is making unauthorized commercial uses of SIGNAL CHAT and ADT SIGNAL CHAT in a deliberate, willful, intentional, and unfair attempt to trade on STF's goodwill, reputation, and financial investments in SIGNAL for the Signal Goods and Services.

58. ADT's SIGNAL CHAT and ADT SIGNAL CHAT marks are identical or substantially similar to STF's SIGNAL mark. Further, the Infringing Goods are substantially similar to the Signal Goods and Services.

59. By reason of ADT's conduct as alleged herein, ADT has engaged in unlawful, unfair, and/or fraudulent ongoing business practices.

60. As a direct result of ADT's unfair competition with regard to SIGNAL CHAT, ADT has unlawfully acquired, and continues to acquire on an ongoing basis, an unfair competitive advantage and has engaged in, and continues to engage in, wrongful business conduct to ADT's monetary advantage and to the detriment of STF.

61. On information and belief, ADT's conduct as alleged herein has been undertaken willfully, intentionally, maliciously, and with full knowledge and in conscious disregard of STF's rights.

62. ADT's illegal and unfair business practices are continuing, and injunctive relief is necessary to prevent and restrain further violations by ADT in addition to damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## FIFTH CAUSE OF ACTION
### (California Common Law Trademark Infringement)

63. STF repeats, realleges, and incorporates all paragraphs above as though fully set forth in this cause of action.

64. ADT's SIGNAL CHAT and ADT SIGNAL CHAT marks are identical or substantially similar to STF's SIGNAL mark. Further, the Infringing Goods are substantially similar to the Signal Goods and Services.

65. ADT's aforementioned use and intended use of the SIGNAL CHAT and ADT SIGNAL CHAT marks are likely to cause (and has caused) confusion, deception, and mistake among the consuming public as to the origin or affiliation of the Infringing Goods.

66. ADT's use of the SIGNAL CHAT and ADT SIGNAL CHAT marks is without permission, authorization, or consent from STF.

67. On information and belief, ADT's conduct as alleged herein has been undertaken willfully, intentionally, maliciously, and with full knowledge and in conscious disregard of STF's rights.

//

68.     STF has no adequate remedy at law to compensate it for the injuries suffered and threatened.

69.     ADT's conduct as alleged herein has caused and will continue to cause irreparable harm to STF's rights in SIGNAL and its Signal Registration, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## SIXTH CAUSE OF ACTION
### (California Common Law Passing Off and Unfair Competition)

70.     STF repeats, realleges, and incorporates all paragraphs above as though fully set forth in this cause of action.

71.     ADT's SIGNAL CHAT and ADT SIGNAL CHAT marks are identical or substantially similar to STF's SIGNAL mark. Further, the Infringing Goods are substantially similar to the Signal Goods and Services.

72.     By virtue of ADT's conduct as alleged herein, ADT has engaged and are engaging in passing off and unfair competition under the common law of the State of California.

73.     ADT's actions were undertaken intentionally to obtain an unfair advantage over STF and in conscious disregard of STF's rights, and were malicious, oppressive, and/or fraudulent.

74.     As well as harming the public, ADT's conduct as alleged herein has caused and will continue to cause STF irreparable harm for which there is no

adequate remedy at law and is also causing damage to STF in an amount which cannot be accurately computed at this time but will be proven at trial.

75. STF requests punitive or exemplary damages in an amount sufficient to deter ADT and to make an example of them.

## PRAYER FOR RELIEF

Wherefore, STF hereby respectfully prays for judgment as follows:

A. That the Court immediately and permanently enjoin ADT, their officers, directors, predecessors, successors, agents, employees, and representatives, and all persons, corporations, or other entities acting in concert or participation with ADT from:

   a. Using SIGNAL CHAT, ADT SIGNAL CHAT, or any other confusingly similar derivations thereof in connection with the Infringing Goods in California and throughout the United States;

   b. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of ADT or any of its officers, directors, predecessors, successors, agents, employees, and representatives are sponsored, approved, or licensed by STF, or are in any way connected or affiliated with STF; and

   c. Otherwise competing unfairly with STF in any manner.

//

B.  That the Court award STF general, actual, and statutory damages in accordance with proof at trial;

C.  That the Court award STF exemplary and/or punitive damages;

D.  That the Court award STF its costs of suit and reasonable attorneys' fees;

E.  That the Court retain jurisdiction of this action for the purpose of enabling STF to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

F.  For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

STF demands a jury trial on all issues triable by jury.

DATED: September 23, 2021              Respectfully submitted,

IPLA, LLP

By:
*/s/ Benjamin S. White*
Benjamin S. White
litigation@ipla.com

Attorney for Plaintiff
Signal Technology Foundation