M. Kevin Underhill (SBN 208211)
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, California 94105
Tel: 415.544.1900 | Fax: (415) 391-0281
kunderhill@shb.com

B. Trent Webb (*Pro Hac Vice* pending)
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
T: 816.474.6550 | F: 816.421.5547
bwebb@shb.com

*Counsel for Defendant ADT LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGNAL TECHNOLOGY FOUNDATION<br><br>*Plaintiff,*<br><br>v.<br><br>ADT LLC,<br><br>*Defendant.* | Civil Action No.: 5:21-cv-07427-EJD<br><br>**DEFENDANT ADT LLC'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant ADT LLC ("ADT") files this Answer to Plaintiff Signal Technology Foundation's ("STF" or "Plaintiff") Complaint (Dkt. No. 1). Except as expressly admitted below, Defendant denies each and every allegation set forth in the Complaint. Defendant reserves the right to amend and/or supplement this Answer. Defendant responds to the numbered paragraphs of the Complaint and the prayer for relief as follows:

## NATURE OF THE ACTION

1.      ADT admits that Plaintiff purports to allege violations of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c), unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*, California common law trademark infringement, and California common law passing off and unfair competition in its Complaint (Dkt. 1). ADT denies that it has committed any violations of these laws.

## THE PARTIES

2.      ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and on that basis denies them.

3.      ADT admits that it is a limited liability company organized under the laws of the state of Delaware. ADT admits that it has a principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431. ADT admits that it offers smart home security products and services. ADT admits that it offers a SIGNAL CHAT product feature that permits communication in certain circumstances. ADT denies the remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION

4.      ADT admits that this Court has subject matter jurisdiction over actions for trademark infringement under 15 U.S.C. § 1051 *et seq.* including 15 U.S.C. §§ 1114 and 1125. ADT admits that this Court has subject matter jurisdiction over meritorious actions for trademark infringement generally under 28 U.S.C. § 1331 and 28 U.S.C. § 1338. ADT admits that this Court has subject matter jurisdiction over unfair competition claims joined with a substantial and related trademark claim under 28 U.S.C. § 1338. ADT admits that, if this Court has jurisdiction over the federal claims Plaintiff raises in its Complaint, this Court has supplemental jurisdiction over the state law claims alleged by Plaintiff under 28 U.S.C. §§ 1367(a) and 1338(b). However, ADT denies that Plaintiff has set forth any meritorious cause of action. Further, ADT lacks knowledge or information sufficient to determine whether Plaintiff has standing or legal capacity to bring an infringement action based on the trademark identified in the Complaint, and on that basis ADT denies that this Court has subject matter jurisdiction over this action. ADT lacks sufficient information to form a belief as to the truth of any remaining allegations in Paragraph 4 of the

Complaint and on that basis denies them.

5.      ADT does not contest that this Court has personal jurisdiction over ADT for the limited purpose of this action. ADT admits that it has conducted and currently conducts business in the State of California, including by advertising, marketing, distributing, and selling security products, including security systems that include the SIGNAL CHAT feature. ADT admits that it has a website that is uses to advertise and market its security products and that its website is accessible from California. ADT denies the remaining allegations in Paragraph 5 of the Complaint.

6.      ADT does not contest that venue is proper in this District for the limited purpose of this action, but denies that this is the most appropriate or convenient venue for this action. ADT denies the remaining allegations in Paragraph 6 of the Complaint.

## INTRADISTRICT ASSIGNMENT

7.      ADT admits that this proceeding falls within the category of Intellectual Property Rights pursuant to Civil L.R. 3-2(c). ADT admits that Civil L.R. 3-2(c) states that Intellectual Property Rights proceedings will be assigned on a district-wide basis.

## FACTUAL ALLEGATIONS

8.      ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and on that basis denies them.

9.      ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and on that basis denies them.

10.     ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and on that basis denies them.

11.     ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and on that basis denies them.

12.     ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and on that basis denies them.

13.     ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and on that basis denies them.

14.     ADT admits that U.S. Trademark Registration No. 5230850 lists Signal

ADT'S ANSWER TO COMPLAINT

Technology Foundation Organization as the last listed owner. ADT lacks sufficient information to form a belief as to the truth of any other allegations in Paragraph 14 of the Complaint and on that basis denies them.

15.    ADT admits that its SIGNAL CHAT allows ADT to notify its customers of an intrusion alarm at their protected location. ADT admits that its SIGNAL CHAT product allows customers and their emergency contacts to receive a text message that contains a link to a SIGNAL CHAT session. ADT admits that during the SIGNAL CHAT the customer or emergency contact can verity or cancel. ADT lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and on that basis denies them.

16.    ADT admits that it is currently using SIGNAL CHAT in connection with its alarm response system. ADT admits that it uses SIGNAL CHAT in connection with its services on its website, in advertising materials, and in customer emails. ADT denies the remaining allegations in Paragraph 16 of the Complaint.

17.    Admitted.

18.    ADT admits that it received a letter from STF dated on or about March 2, 2021. ADT admits that STF's letter discussed ADT's use of its SIGNAL CHAT mark and asked ADT to rebrand and cease use of the mark, allegedly pursuant to federal and state trademark and unfair competition law. ADT denies the remaining allegations in Paragraph 18 of the Complaint.

19.    Denied.

20.    ADT admits that it received a letter from STF dated on or about September 7, 2021. ADT admits that STF's letter discussed ADT's use of its SIGNAL CHAT mark and asked ADT to cease use of the mark. ADT denies the remaining allegations in Paragraph 20 of the Complaint.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    ADT admits that products containing the SIGNAL CHAT feature are marketed, advertised, distributed, and sold within this judicial district. ADT admits that it conducts business

in this judicial district through sales representatives and other employees. ADT denies the remaining allegations in Paragraph 25 of the Complaint.

26.     ADT admits that it advertises and sells to customers in this judicial district and elsewhere in the United States. ADT admits that it operates a website that targets customers in the United States and in this juridical district. ADT denies the remaining allegations in Paragraph 26 of the Complaint.

## FIRST CAUSE OF ACTION

27.     Paragraph 27 of the Complaint lacks any allegation, and therefore does not require a response by ADT.  ADT repeats and incorporates by reference each of the responses set forth in response to Paragraphs 1 through 26 of the Complaint, above.

28.     ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis denies them.

29.     ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis denies them.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

## SECOND CAUSE OF ACTION

36.     Paragraph 36 of the Complaint lacks any allegation, and therefore does not require a response by ADT.  ADT repeats and incorporates by reference each of the responses set forth in response to Paragraphs 1 through 35 of the Complaint, above.

37.     ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis denies them.

38.     ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis denies them.

39.     Denied.

40.     ADT denies that its use of SIGNAL CHAT and ADT SIGNAL CHAT requires permission, authorization, or consent from STF.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

## THIRD CAUSE OF ACTION

49.     Paragraph 49 of the Complaint lacks any allegation, and therefore does not require a response by ADT.  ADT repeats and incorporates by reference each of the responses set forth in response to Paragraphs 1 through 48 of the Complaint, above.

50.     ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and on that basis denies them.

51.     ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and on that basis denies them.

52.     ADT lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and on that basis denies them.

53.     Denied.

54.     Denied.

55.     Denied.

## FOURTH CAUSE OF ACTION

56.     Paragraph 56 of the Complaint lacks any allegation, and therefore does not require a response by ADT.  ADT repeats and incorporates by reference each of the responses set forth in response to Paragraphs 1 through 55 of the Complaint, above.

Civil Action No.: 5:21-cv-07427-EJD
ADT'S ANSWER TO COMPLAINT

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

**FIFTH CAUSE OF ACTION**

63.     Paragraph 63 of the Complaint lacks any allegation, and therefore does not require a response by ADT.  ADT repeats and incorporates by reference each of the responses set forth in response to Paragraphs 1 through 62 of the Complaint, above.

64.     Denied.

65.     Denied.

66.     ADT denies that its use of SIGNAL CHAT and ADT SIGNAL CHAT requires permission, authorization, or consent from STF.

67.     Denied.

68.     Denied.

69.     Denied.

**SIXTH CAUSE OF ACTION**

70.     Paragraph 70 of the Complaint lacks any allegation, and therefore does not require a response by ADT.  ADT repeats and incorporates by reference each of the responses set forth in response to Paragraphs 1 through 69 of the Complaint, above.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     ADT admits that STF requests punitive or exemplary damages. ADT denies that there has been any violation of California law and on that basis denies the remaining allegations of Paragraph 75.

Civil Action No.: 5:21-cv-07427-EJD
ADT'S ANSWER TO COMPLAINT

**PRAYER FOR RELIEF**

ADT denies that Plaintiff is entitled to any of the relief requested in connection with the allegations of the Complaint, including without limitation, the allegations of Paragraphs A–F of Plaintiff's "PRAYER FOR RELIEF." ADT denies that Plaintiff is entitled to any relief whatsoever and, accordingly, prays that the Court deny all relief to Plaintiff.

**DEMAND FOR A JURY TRIAL**

ADT acknowledges that Plaintiff has demanded a jury trial.

**ADT'S AFFIRMATIVE DEFENSES**

ADT pleads the following affirmative defenses to the Complaint. ADT reserves the right to amend its Answer to plead additional defenses not presented herein, including, but not limited to, those defenses revealed during discovery. ADT does not assume the burden of proof where such burden is not legally upon it. Without admitting or acknowledging that ADT bears the burden of proof as to any of the following, based on information and belief, ADT asserts the following defenses:

76. Plaintiff's unreasonable delay in challenging the alleged infringement is prejudicial to ADT and, as a result, Plaintiff's claims and relief sought are barred, in whole or in part, by the doctrines of estoppel and laches. ADT's Protection 1 business began publicly offering services under the SIGNAL CHAT mark by no later than 2014.

77. Plaintiff's claims and relief sought are barred, in whole or in part, by the doctrine of acquiescence based on Plaintiff's conduct regarding ADT's use of the allegedly infringing mark, which conduct was prejudicial to ADT. ADT's Protection 1 business publicly and notoriously used the SIGNAL CHAT marks for years prior to this lawsuit.

78. Plaintiff's claims and relief sought are barred, in whole or in part, because the trademark registration lacks priority with respect to the goods accused of infringement. On information and belief, ADT's Protection 1 business was the first to use the SIGNAL CHAT mark in connection with features of its alarm services.

**JURY DEMAND**

ADT requests trial before a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, ADT respectfully requests that this Court enter judgment in its favor and against Plaintiff as follows:

a) Enter a judgment in favor of ADT denying Plaintiff all relief requested in its Complaint and dismissing the Complaint with prejudice;

b) Find that ADT is not liable under any of the Counts in the Complaint;

c) Find this action exceptional and award ADT its attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285; and

d) Award ADT such equitable or legal relief as this Court deems just and proper under the circumstances.

## ADT'S COUNTERCLAIM

Counterclaim Plaintiff ADT hereby alleges the following counterclaim against Counterclaim Defendant Signal Technology Foundation ("STF"):

## JURISDICTION

1. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. §§ 1114, 1119. The Court also has jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367 and Rules 13 and 20 of the Federal Rules of Civil Procedure because it is so related to STF's claims that it forms part of the same case or controversy under Article III of the United States Constitution.

## VENUE

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## DIVISIONAL ASSIGNMENT

3. Pursuant to Civil L.R. 3-2(c), this proceeding falls within the category of Intellectual Property Rights and is therefore excluded from this division-specific venue rule and will be assigned on a district-wide basis.

## PARTIES

4. On information and belief, Counterclaim Defendant STF is a 501(c)(3) nonprofit organization organized and existing under the laws of the State of Delaware and having its

Civil Action No.: 5:21-cv-07427-EJD
ADT'S ANSWER TO COMPLAINT

1  principal place of business in this judicial district.

2      5.      ADT is a corporation organized and existing under the laws of the state of

3  Delaware with its principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431

4  and is doing business within this judicial district.

5                                    **BACKGROUND**

6      6.      ADT, founded in 1874, is the oldest, largest, and best-known provider of

7  electronic security, automation and smart home services and equipment for homes and

8  businesses in the United States.

9      7.      ADT's services are well-known and of superior quality. Millions of commercial,

10  residential, and governmental customers receive security services under the ADT brand. Each

11  year, ADT handles millions of alarm signals per year warning of threats to people and property.

12      8.      At least by 2014, ADT's Protection 1 business began using SIGNAL CHAT in

13  connection with its business security systems. The SIGNAL CHAT product was developed, in

14  part, to fill a customer need. As one example, many businesses—including retailers, banks, and

15  restaurants—set their security systems using set schedules generally based on the store's

16  business hours. However, sometimes businesses need exceptions to their schedule, like a late

17  closing. The late closing may signal that store employees are running late, or it could signal a

18  more serious situation. When an event—like a surprise late closing—occurs, a SIGNAL CHAT

19  alert consisting of a SMS message is sent to store associates who can quickly confirm whether

20  law enforcement or emergency services are needed. Site contacts are also permitted to chat with

21  each other about the event and resolve the event within the chat session.

22      9.      The SIGNAL CHAT mark was used continuously in connection with ADT's

23  Protection 1 services from 2014 until 2020 when an enhanced version of the solution was

24  deployed across ADT's residential business.

25      10.     The enhanced version of the SIGNAL CHAT service notifies customers and their

26  preset emergency contacts of an alarm through a text message with a link to review the alarm

27  and join a Signal Chat session.

28      11.     SIGNAL CHAT was and is used by ADT as part of its broader security alarm

1  services.

2          12.    STF does not provide security alarm services for homes or businesses.

3          13.    STF's Signal product provides its customers with the ability to communicate with

4  others of their choosing privately through encrypted channels. STF's target market is consumers

5  who want to communicate with complete privacy. STF promises to keep its customers data "out

6  of anyone's hands" including the government.

7                          **COUNTERCLAIM ONE:**
                   **DECLARATORY JUDGMENT OF NONINFRINGEMENT**
8

9          14.    ADT incorporates by reference counterclaim paragraphs 1-12 above, as if fully set

10  forth herein.

11         15.    Because Counterclaim Defendant accused ADT of federal trademark

12  infringement, an actual justiciable controversy exists between the parties.

13         16.    Counterclaim Defendant STF alleges it owns a trademark in "SIGNAL" and

14  accuses ADT of infringing that mark through ADT's use of "SIGNAL CHAT" in connection

15  with its products.

16         17.    ADT denies that it has infringed or is infringing STF's alleged "SIGNAL"

17  trademark. ADT further denies that it has engaged or is engaging in any act or omission giving

18  rise to a cause of action by STF against ADT.

19         18.    ADT's use of its SIGNAL CHAT mark does not and will not, (a) cause confusion

20  or mistake or deceive the public in violation of Lanham Act  § 32(1) (15 U.S.C. § 1114(1)); (b)

21  constitute unfair competition or a false designation of origin in violation of Lanham Act § 43(a)

22  (15 U.S.C. § 1125(a)); (c) constitute unfair competition or trademark infringement under state

23  statutory or common law; (d) constitute dilution in violation of Lanham Act § 43(c) (15 U.S.C.

24  §1125(c)); (e) constitute dilution in violation of state statutory or common law; or (f) otherwise

25  violate state or federal statutory or common law.

26         19.    ADT is entitled to a declaration that its use of its SIGNAL CHAT mark in

27  connection with its alarm response system does not and will not dilute STF's SIGNAL mark or

28  otherwise violate state or federal statutory or common law.

WHEREFORE, ADT hereby prays:

a) For the relief sough in Counterclaim One;

b) For an award of reasonable attorneys' fees and other costs incurred in connection with this action' and

c) For such other and further relief as the Court deems just and appropriate.


Jury trial is hereby demanded.

Dated:  December 1, 2021                    Respectfully Submitted

                                            SHOOK, HRDY & BACON L.L.P.

                                            */s/   M. Kevin Underhill*
                                            M. KEVIN UNDERHILL
                                            B. TRENT WEBB (*PRO HAC VICE* PENDING)

                                            ***Counsel for Defendant ADT LLC***